ACCEPTED
03-15-00702-CR
7937828
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/20/2015 9:31:45 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00702-CR (Should be –CV)

In The
COURT OF APPEALS
THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/20/2015 9:31:45 PM
JEFFREY D. KYLE
Clerk

**WESLEY PERKINS,**
**Respondent - Appellant,**

**v.**

**STATE OF TEXAS,**
**Plaintiff - Appellee.**

(Brief Due Date presently uncertain)

On Direct Appeal from the
COUNTY COURT AT LAW NO. 3
OF TRAVIS COUNTY, TEXAS
(Visiting Judge/Justice Hon. Michael McCormick, Presiding)

Trial Case No. C-1-CR-14-212016
**STATE v. Perkins**

## APPELLANT'S MOTION TO STRIKE
## CLERK'S REQUEST/"ORDER" FOR SUPPLEMENTAL RECORD

### Assertion of Rights

PERKINS asserts all his unalienable rights, privileges, and immunities at

Natural Law, Common Law, and Maritime Law, and all his commercial rights

relevant to "this state."

---

Appellant's Mot. to Strike – Supp. Rec. (PERKINS)                                    1

## Objection to Non-judicial Decision-making

PERKINS still objects to non-judicial decision-making. *Cf. Gonzalez v. United States*, 553 U.S. 242 (May 12, 2008) ("If the parties consent") (construing 28 U.S.C. § 636(**b**)). Specifically, he objects to judicial "rulings" by the Clerk.

## Objection to use of private law

In general, PERKINS objects to the use of unpublished cases to which he's not a party. A cite to "WL" and "Lexis" is a reference to materials not publicly accessible. For such references even to begin to be meaningful, a full copy of the opinion for each "WL" or "Lexis" reference must be attached.

## Motion to Strike

PERKINS moves that the Court strike what appears to be a clerical "order" to supplement the Record on appeal. The document of focus is attached.

## Discussion

### This "transportation" matter is not a criminal matter.

This is a "transportation"-dependent matter for which (A) PERKINS has preserved his objections to both personal jurisdiction and subject matter jurisdiction throughout, (B) STATE, one more time, has zero evidence of "transportation," and (C) PERKINS has affirmatively negated any remote thought of "transportation" as even being possible in this matter.

Since PERKINS was never liable in the capacity charged, and since STATE never proved standing, and since there was no competent charging instrument filed, and since STATE never serves Notice, thus, also, since there was never authority to transfer this from CCL No. 6 to CCL No. 3 in the first place, among other problems documented of Record, there is no "criminal" matter here. *Cf. Perkins v. State*, No. 15-0594 (Tex. 2015) ("Denied" means that the merits are reached, which means that the Sup. Ct. of Texas exercised its jurisdiction, which means that the "transportation" matter was/is "civil" in nature). Thus, the question of "right to appeal" is in no way conditional or something to be confirmed by any judicial act by the trial court. PERKINS needs no permission to appeal in the "civil" non-case at issue.

## The final order is non-viable.

*See* attached. Styled "STATE v. Perkins," the trial court's final judgment is non-viable. Among the threshold questions to be raised is this court's jurisdiction. The court's confirmation of no jurisdiction is the confirmation of the trial court's ruling's non-viability. Down this path, there being no viable ruling, any "enforcement" will amount to intentional violations of rights. We can work either on preventing that, hence this appeal, or on curing those problems. This appeal is one more effort by PERKINS to mitigate STATE's damages.

<u>No consent to non-judicial decision-making.</u>

There being no mention of any act or signature by any elected or appointed justice of this Court, it follows that the "order" to supplement the Record on appeal is purely clerical. PERKINS does not consent to non-judicial decision-making.

## Conclusion and Request for Relief

There is no practical point in, or legal authority for any clerk to "order," any supplementation of this Record regarding any permission to appeal.

Therefore, PERKINS requests that this Court strike the clerk's "order" for supplementation in this matter.

Given the present uncertainty of the Due Date for his principal Brief, PERKINS also requests that if the court needs Briefs that PERKINS be given his full complement of 30 days from the latter of the filing of the Transcript or the final (and correct) resolution of this supplementation issue.

Respectfully submitted,

/s/ Wes Perkins
WESLEY PERKINS
11900 Metric Blvd., #J179
Austin, TX 78758
court@wesperkins.com

**Verification**

STATE OF TEXAS §
ss. KNOW ALL MEN BY THESE PRESENTS
COUNTY OF TRAVIS §

Before me, the undersigned Notary, personally appeared WESLEY PERKINS, who satisfied me as to his identity, and who, upon administration of oath or affirmation by me, declared and deposed as follows:

I am Wesley Perkins. I normally go by Wes. I am at least 21 years of age, and I am competent to make this Affidavit. I have personal knowledge of these facts, which facts are true and correct.

The facts asserted in this document are true and correct. In particular, I was not removing anyone or anything from one place to another for hire in "this state" at any time relevant to this matter. I don't consent to non-judicial decision-making.

First attached is a true and correct copy of what I've received regarding the document containing the clerical "order" motivating this motion.

Also attached is a true a correct copy of the final ruling in the trial court.

Further, Affiant sayeth not.

/s/ Wes Perkins
WESLEY PERKINS, Affiant

Signed and sworn to before me on this the 20 day of November, 2014, for which witness my seal and signature.

Notary Public Signature

(seal)

TIMOTHY JAMES FRUGE
Notary Public, State of Texas
My Commission Expires
April 21, 2018

(If seal is not by stamp, or not legible)

Timothy James Frugé
Notary Public Printed Name

My Commission Expires:
4-21-18

## Certificate of Service

By my signature below, I certify that on or about the _~~16th~~ 20th_ day of November, 2015, I served a true and correct copy of this Motion, by hand delivery, email, certified mail, 3-day or faster delivery, or first class mail on the following:

Hon. BILLY RAY STUBBLEFIELD
Admin. Judge
Williamson County Courthouse
405 Martin Luther King, Box 2
Georgetown, TX 78626

DAVID ESCAMILLA
Travis County Attorney
P.O. Box 1748
Austin, TX 78767
(STATE)

LISA C. MCMINN
State Prosecuting Attorney's Office
P.O. Box 13046
Austin, TX 78711

Hon. DANA DE BEAUVOIR
CIVIL County Clerk
Travis County
P.O. Box 149325
Austin, TX 78714

Hon. KEN PAXTON
Attorney General
STATE OF TEXAS
P.O. Box 12548, Capital Station
Austin, TX 78711
(STATE)

Hon. MICHAEL MCCORMICK
c/o County Court at Law No. 3
P.O. Box 1748
Austin, TX 78767

/s/ Wes Perkins
WESLEY PERKINS

FILE COPY



# COURT OF APPEALS

## THIRD DISTRICT OF TEXAS

P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.txcourts.gov/3rdcoa.aspx
(512) 463-1733

JEFF L. ROSE, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE
CINDY OLSON BOURLAND, JUSTICE

JEFFREY D. KYLE, CLERK

November 12, 2015

The Honorable Dana DeBeauvoir
Criminal County Clerk
Travis County Courthouse
P. O. Box 149325
Austin, TX 78714
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:    03-15-00702-CR
       Trial Court Case Number:    C-1-CR-14-212016

Style:    Wesley Eugene Perkins
          v. The State of Texas

Dear Ms. DeBeauvoir:

A supplemental clerk's record, containing the trial court's certification of defendant's right to appeal, is to be filed in this Court on or before **November 19, 2015**.

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *Courtland Crocker*
Courtland Crocker, Deputy Clerk

cc:    Mr. Wesley Eugene Perkins          The Honorable David A. Escamilla

NO. C-1-CR- 14-212016

THE STATE OF TEXAS

VS

Wesley E Perkins

IN THE COUNTY COURT

AT LAW NO. 3

TRAVIS COUNTY, TEXAS

## JUDGMENT AND SENTENCE
## VERDICT OF GUILTY BY JURY
## PUNISHMENT BY COURT

On this the 28th day of July, A.D. 20 15 this cause being called for trial, came the State of Texas by her County Attorney, and came the Defendant in person by his/her Attorney, and the Defendant being duly arraigned, pleaded "Not Guilty" to the charge contained in the information, to wit: _____ and demanded a trial by jury.

Both parties announcing ready for trial, a jury consisting of _____ and five others, were duly selected, impanelled and sworn, according to law, who having heard the information read and the Defendant's plea of "Not Guilty" thereto, and having heard the evidence submitted, and having been duly charged by the Court, having heard argument of counsel, retired to consider their verdict, and afterward returned into open court the following verdict, which was received by the Court and is here now entered upon the minutes of the Court, to wit:

"We, the Jury, find the Defendant, _____

_____

_____
Presiding Juror

And on the _____ day of _____, A.D. 20_____ the Defendant, _____ having filed a motion for the Court to assess punishment in event of conviction, being present in person before the Court for the purpose of having punishment assessed. It is the Order of the Court that the said Defendant is Guilty as found by the Jury and his/her punishment is assessed at a fine of $ _____ and 60 days confinement in the County Jail, and all costs in this behalf incurred.

It is the order of the Court that the said Defendant _____ who has been adjudged Guilty of the offense of _____ be and is hereby sentenced to be imprisoned in the County Jail of Travis County, Texas, for 60 days, and that the State of Texas do have and recover of the Defendant the said fine of $_____ dollars, and all costs of this prosecution.

Defendant is remanded to the custody of the Sheriff of Travis County, Texas who will commit him/her forthwith to the Jail of said County until said period of imprisonment has expired and thereafter until said fine and costs are fully paid or otherwise discharged. It is further ordered that execution may issue against the property of said Defendant for the amount of said fine and costs.

Signed this the 28th day of July, A.D. 20 15

_____
Judge

THE STATE OF TEXAS        C-1-CR-14-212016        IN THE COUNTY COURT

VS        AT LAW NO. 3

**Wesley E Perkins**        TRAVIS COUNTY, TEXAS

## JUDGMENT AND SENTENCE
## VERDICT OF GUILTY BY JURY
## PUNISHMENT BY COURT

On this the _28th_ day of _July_, A.D. 20 _15_, this cause being called for trial, came the State of Texas by her County Attorney, and came the Defendant in person by his/her Attorney, and the Defendant being duly arraigned, pleaded "Not Guilty" to the charge contained in the information, to wit: _Fleeing Police Officer_ and demanded a trial by jury.

Both parties announcing ready for trial, a jury consisting of _Lance Haile_ and five others, were duly selected; impanelled and sworn, according to law, who having heard the information read and the Defendant's plea of "Not Guilty" thereto, and having heard the evidence submitted, and having been duly charged by the Court, having heard argument of counsel, retired to consider their verdict, and afterward returned into open court the following verdict, which was received by the Court and is here now entered upon the minutes of the Court, to wit:

"We, the Jury, find the Defendant, _Wesley E. Perkins, Guilty,_ _Of the offense of, Fleeing Police Officer_."

_Lance Haile_

Presiding Juror

And on the _28th_ day of _July_, A.D. 20 _15_ the Defendant, _Wesley E. Perkin_ having filed a motion for the Court to assess punishment in event of conviction, being present in person before the Court for the purpose of having punishment assessed. It is the Order of the Court that the said Defendant is Guilt as found by the Jury and his/her punishment is assessed at a fine of $ _0_ and _60 days_ confinement in the County Jail, and all costs in this behalf incurred.

It is the order of the Court that the said Defendant _Wesley E. Perkins_ who has bee adjudged Guilty of the offense of _Fleeing Police Officer_ be and is here sentenced to be imprisoned in the County Jail of Travis County, Texas, for _60_ days, and that the Sta of Texas do have and recover of the Defendant the said fine of $ _0_ dollars, and all costs of t prosecution.

Defendant is remanded to the custody of the Sheriff of Travis County, Texas who will commit him/her forthwi the Jail of said County until said period of imprisonment has expired and thereafter until said fine and cost fully paid or otherwise discharged. It is further ordered that execution may issue against the property o Defendant for the amount of said fine and costs.

Signed this the _28th_ day of _July_, A.D. 20 _15_

Judge

8/28/15